UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER SEILER,

             Petitioner,

                                                  Case No. 18-cv-1081-bhl

   v.

BRIAN FOSTER,

             Respondent.

## ORDER DENYING §2254 HABEAS PETITION

       This case's procedural history is as twisted as the Gordian knot. It began in early 2007 when police discovered Petitioner Christopher Seiler and a 15-year-old girl, N.F., alone in a truck after dark. (ECF No. 22 at 2.) Seiler—a registered sex offender whose probation rules prohibited contact with persons under the age of 18 without his probation agent's prior permission—was immediately arrested and placed on a probation hold. (ECF No. 1 at 17.) A little over a week later, his probation agent visited Seiler in jail and required him to provide an account of his whereabouts and activities at the time of his arrest on a form that stated none of the information he divulged could be used against him in criminal proceedings. (*Id.*) Seiler produced an incredible story that painted his relationship with N.F. as platonic and parental. (*Id.* at 18.) Skeptical, his probation agent conducted her own investigation, eventually involving the sheriff's department. (*Id.*) This ultimately resulted in Seiler admitting that he and N.F. had engaged in sexual intercourse. (*Id.*) Seiler was charged and pleaded no contest to a count of second-degree sexual assault of a child in violation of Wis. Stat. Section 948.02(2). (*Id.*) He was sentenced to 20 years' initial confinement and 15 years' extended supervision. (*Id.*)

       Seiler's appointed counsel unquestionably bungled his direct appeal in a variety of ways. (ECF No. 22 at 3.) In fact, his performance was so defective that the circuit court eventually reinstated Seiler's direct appeal/postconviction rights and appointed new appellate counsel. (*Id.* at 4.) New counsel moved the trial court for postconviction relief pursuant to Wis. Stat. Section 974.02(1), arguing that Seiler's conviction should be vacated and his plea withdrawn because his

trial counsel rendered ineffective assistance by failing to object to the State's use of information causally derived from the custodial statement Seiler was compelled to give to his probation agent in violation of his Fifth Amendment rights. (*Id.* at 5.) The circuit court denied the motion, and Seiler appealed. (*Id.* at 6.) The Wisconsin Court of Appeals affirmed the lower court's decision, and the Wisconsin Supreme Court denied Seiler's petition for review. (*Id.* at 7.)

Seiler then filed, pro se, a postconviction motion pursuant to Wis. Stat. Section 974.06, arguing that both his trial and appellate counsel provided ineffective assistance and that, in sentencing him, the trial court relied on inaccurate and improper information. (*Id.* at 8.) The circuit court rejected Seiler's claims. (*Id.* at 11.) The Wisconsin Court of Appeals affirmed, and the Wisconsin Supreme Court again denied Seiler's petition for review. (*Id.* at 13.)

Following that slog up and down the state court system, Seiler filed a habeas petition in this Court challenging the propriety of the Wisconsin court decisions. (ECF No. 1.) Because his petition identifies no meritorious grounds for relief, it will be denied.

## LEGAL STANDARD

To obtain federal habeas relief, Seiler must prove that his state court custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). To carry this burden, he must show that the Wisconsin courts rejected his claims "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2). In addition, he must show that the constitutional errors he identifies caused his conviction. *Engle v. Isaac*, 456 U.S. 107, 134-35 (1982).

## ANALYSIS

Seiler's petition identifies three grounds for relief: (1) that trial counsel was ineffective for failing to investigate the source of the State's charging information and whether it was causally linked to Seiler's compelled probation statement; (2) that the sentencing court relied on improper factors, inaccurate information, and other probation records when imposing Seiler's sentence; and (3) that appellate counsel was ineffective for failing to adequately raise Seiler's Fifth Amendment claim, failing to raise trial counsel's failure to investigate, and failing to raise the improper factors the sentencing court relied on. None of these grounds entitle Seiler to relief, so his petition will be denied.

A federal habeas court reviews "the decision of the last state court to rule on the merits of the petitioner's claim." *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (citation omitted). This is a strange case that requires review of two different decisions of the same court (the Wisconsin Court of Appeals). That court was the last to rule on the merits of Seiler's ineffective assistance of counsel claim against his trial attorney. Four years later, it also became the last state court to rule on the merits of his claim against postconviction counsel and his improper sentencing claim. Accordingly, to resolve Seiler's petition, this Court must review both decisions, applying Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) deference, unless the decisions were contrary to federal law. *Mosley v. Atchison*, 689 F.3d 838, 844 (7th Cir. 2012).

I. **The Wisconsin Court of Appeals Did Not Act Contrary to or Unreasonably Apply Federal Law in Rejecting Seiler's Ineffective Assistance of Counsel Claim in 2014.**

Seiler argues that, in rejecting his ineffective assistance of counsel claim against his trial attorney, the Wisconsin courts acted contrary to or unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* holds that, to prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney rendered deficient performance and such performance prejudiced him. *Id.* at 691.

A state court decision is "contrary to clearly established Federal law" if "the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases," *Bell v. Cone*, 535 U.S. 685, 694 (2002), or reaches a different conclusion than a Supreme Court case based on materially indistinguishable facts. *Brown v. Payton*, 544 U.S. 133, 141 (2005). In this case, the Wisconsin Court of Appeals relied on *State v. Milanes*, 727 N.W.2d 94, 98 (Wis. Ct. App. 2006), which, in turn, relied on *Strickland* to establish the two-part test for ineffective assistance of counsel. *State v. Seiler*, No. 2013-AP-1911-CR, 2014 WL 3605687, ¶10 (Wis. Ct. App. July 23, 2014). This is the correct rule, and Seiler identifies no factually indistinguishable cases resolved differently than his, so he cannot show that the Wisconsin Court of Appeals acted contrary to federal law.

A state court decision unreasonably applies federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (internal punctuation omitted). This can occur "if the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context in which it should not apply or unreasonably refuses to extend that principle to a new context in which it should apply." *Saeger*

*v. Avila*, 930 F. Supp. 2d 1009, 1013 (E.D. Wis. 2013). Seiler's argument is that the Wisconsin Court of Appeals unreasonably applied *Strickland* when it determined that trial counsel's alleged failure to investigate the source of the State's charging information could not have prejudiced Seiler because any motion to exclude that information on Fifth Amendment grounds would have failed. Because this Court is reviewing the Wisconsin Court of Appeals' application of *Strickland* in the context of a Section 2254(d) motion, it must afford "deference and latitude that are not in operation when the case involves review under [just] the *Strickland* standard itself." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Accordingly, to succeed, Seiler must demonstrate not only that counsel's actions were unreasonable, but that there is no "reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105.

An attorney is not ineffective for failing to apprise his client of every theoretically possible but practically hopeless strategy. *See Evans v. Meyer*, 742 F.2d 371, 374 (7th Cir. 1984). And a lawyer who dallies on inapposite defenses is not serving his client well. It is, therefore, far from unreasonable, and certainly not prejudicial, to ignore the futile in favor of the feasible. *See United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984) ("If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade"). The Wisconsin Court of Appeals concluded that a motion to exclude evidence causally related to Seiler's compelled statement would have failed because the evidence used to convict was obtained from legitimate, independent sources. *Seiler*, 2014 WL 3605687, ¶11 (citing *Kastigar v. United States*, 406 U.S. 441, 461 (1972)). In other words, trial counsel acted reasonably when he resolved not to pursue "a useless charade." Seiler contends that, absent his compelled statement, his probation agent would not have spoken to N.F., her parents, or her uncle, which would have precluded sexual assault charges. But N.F. was discovered alone with Seiler, and "[s]ince she was a minor, it was inevitable that when she was taken into custody by police, her parents would then have police contact too." *Id.* ¶14. And N.F.'s uncle unilaterally contacted Seiler's probation agent because he worked with Seiler and wanted to know why he had missed work. *Id.* These facts led the court of appeals to conclude that "Seiler's troubles started not because of any statements he was compelled to make but because he was discovered in a car with a minor, in violation of [the terms of] his probation [], and in particularly suspicious circumstances—after dark, in a secluded place." *Id.* ¶13. His behavior, not any compelled statement, led to the investigation and subsequent conviction. *Id.* ¶15. This represents, at the very

least, a reasonable argument that trial counsel satisfied the *Strickland* standard. Nothing more is required.[1]

## II. The Wisconsin Court of Appeals Did Not Act Contrary to or Unreasonably Apply Federal Law When It Rejected Seiler's Claim That He Was Sentenced Based on Inaccurate Information or Improper Factors.

After his direct appeals failed, Seiler filed a motion for relief pursuant to Wis. Stat. Section 974.06, the denial of which the Wisconsin Court of Appeals affirmed in 2018. *State v. Seiler*, 2015-AP-2479, 2018 WL 266977 (Wis. Ct. App. Jan. 3, 2018). Seiler alleges the Court of Appeals' 2018 decision was contrary to or unreasonably applied federal law because he sufficiently demonstrated that improper considerations infected his sentencing.

Due process requires courts to sentence defendants based on accurate information. *United States v. Tucker*, 404 U.S. 443, 447-49 (1972). "A defendant who requests re-sentencing due to the use of inaccurate information at the original sentencing must show both that information before the sentencing court was inaccurate and that the sentencing court relied on the inaccurate information in the sentencing." *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003) (citing *Tucker*, 404 U.S. 443). The Wisconsin Court of Appeals appropriately recited this standard, citing to *State v. Alexander*, 858 N.W.2d 662, 669 (Wis. 2015), which borrowed from *State v. Tiepelman*, 717 N.W.2d 1, 7-8 (Wis. 2006), which directly incorporated *Tucker*. Having applied the rule set forth in governing Supreme Court precedent, the Wisconsin Court of Appeals' decision could only be contrary to federal law if it reached a different outcome than a case with materially indistinguishable facts. Seiler has not identified one.

The record also shows that the court of appeals applied the *Tucker* test in a reasonable manner. It independently reviewed the record of the sentencing hearing to determine whether the trial court had relied on inaccurate information and found no such reliance. *Seiler*, 2018 WL 266977, ¶¶15-21. To the contrary, it held that Seiler consistently misstated and exaggerated the trial court's references. *Id.* ¶16. Seiler does not explain how any of this represents an unreasonable application of Supreme Court precedent. He does state that "[c]learly-established federal law governing a court's reliance on improper or inaccurate information does not allow opinion based-

---

[1] To the extent Seiler raises other grounds related to his trial counsel's performance, those claims are procedurally barred because the Wisconsin Court of Appeals rejected them on independent and adequate state law grounds. *State v. Seiler*, 2015-AP-2479, 2018 WL 266977, ¶7 (Wis. Ct. App. Jan. 3, 2018); *see Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014).

remarks," (ECF No. 22 at 26), but he cites no law in support of this proposition. He has thus failed to demonstrate that the Wisconsin Court of Appeals unreasonably applied federal law in his case.

### III. The Wisconsin Court of Appeals Did Not Act Contrary to or Unreasonably Apply Federal Law When It Rejected Seiler's Ineffective Assistance of Postconviction Counsel Claim in 2018.

Alongside his improper sentencing argument, Seiler also raised an ineffective assistance of counsel claim against his postconviction attorney for failing to properly raise his Fifth Amendment claim, failing to raise his claim against his trial attorney for failure to investigate, and failing to raise his improper sentence claim. *Seiler*, 2018 WL 266977. As the Court has already noted, the Wisconsin Court of Appeals reasonably determined that all three of those claims were either without merit or procedurally barred. The court of appeals therefore concluded that Seiler could not "meet his burden to show prejudice arising from allegedly deficient performance by his postconviction counsel." *Id.* ¶24. That was a reasonable application of governing federal law.

### IV. Seiler Has Not Identified Any Unreasonable Determination of Fact.

"[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). However, because a state court's factual findings are presumed correct, a petitioner can only prevail if he shows that such findings are against the clear and convincing weight of the evidence. *See* 28 U.S.C. §2254(e)(1).

Seiler nominally alleges "widespread and numerous unreasonable and clearly erroneous determinations of facts." (ECF No. 22 at 40.) But every supposed erroneous factual finding is actually either the circuit court's summary of arguments presented in Seiler's Section 974.06 motion or the circuit court's explanation of how the law applies to the facts. (*Id.* at 34-40.) To the extent he does challenge actual findings of fact, he introduces nothing to support those challenges, so he cannot possibly claim to have shown that any factual determinations contravene the clear and convincing weight of the evidence. To prevail, Seiler needed to highlight specific factual conclusions so inadequately supported by the record that no reasonable mind could have reached them. *Brumfield v. Cain*, 576 U.S. 305, 314 (2015). He came nowhere close to doing so.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner's §2254 motion for relief, ECF No. 1, is **DENIED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE** because the Court does not find that any reasonable jurist could debate the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on May 18, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge